Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/09/2023 09:08 AM CDT

State of Nebraska, appellant, v.
Marvel D. Ammons, appellee.

___ N.W.2d ___

Filed June 9, 2023.    No. S-21-812.

1. **Effectiveness of Counsel.** A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact.
2. **Effectiveness of Counsel: Appeal and Error.** With regard to questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's conclusion.
3. **Postconviction: Appeal and Error.** In an appeal from the denial of postconviction relief, an appellate court will not consider for the first time on appeal claims that were not raised in the verified motion.
4. **Postconviction: Constitutional Law.** Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable.

Petition for further review from the Court of Appeals, Pirtle, Chief Judge, and Bishop and Arterburn, Judges, on appeal thereto from the District Court for Douglas County, J Russell Derr, Judge. Judgment of Court of Appeals reversed and remanded with direction.

Douglas J. Peterson, Attorney General, Siobhan E. Duffy, and Erin E. Tangeman for appellant.

Sarah M. Mooney, of Mooney Law Office, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

Marvel D. Ammons filed a motion for postconviction relief in which he asserted that his failure to timely appeal his criminal convictions was due to the ineffective assistance of counsel. Ammons alleged that he asked his trial counsel to appeal, but no appeal was filed. The district court held an evidentiary hearing, after which it found that Ammons did not direct his trial counsel to file an appeal and denied the motion. Unsatisfied with that decision, Ammons sought review in the Nebraska Court of Appeals.

The Court of Appeals determined that the district court did not err in finding that Ammons did not direct counsel to file an appeal, but nonetheless reversed the district court's decision and directed it to grant Ammons a new direct appeal. See *State v. Ammons*, 31 Neb. App. 489, 984 N.W.2d 330 (2022). The Court of Appeals determined that counsel provided ineffective assistance by failing to consult with Ammons about whether he wanted to appeal.

In this further review proceeding, we conclude Ammons did not allege in his postconviction motion that trial counsel failed to consult with him about whether he wanted to appeal and thus the Court of Appeals erred by finding that Ammons was entitled to relief on that theory.

### BACKGROUND

*Underlying Criminal Case.*

An extended discussion regarding the procedural history of Ammons' underlying criminal case is set forth in the Court of Appeals' opinion. See *id.* For purposes of this opinion, it is sufficient to note that Ammons pleaded guilty to two counts of possession of a deadly weapon (firearm) by a prohibited person and the district court accepted his pleas.

The district court later sentenced Ammons to consecutive terms of 6 to 8 years' imprisonment on each count with credit for some time he had already served. Ammons did not file a timely direct appeal.

*Postconviction Proceedings*
*in District Court.*

Less than a year after he was sentenced, Ammons, representing himself, filed a verified motion for postconviction relief. In his motion, Ammons alleged that he received ineffective assistance of counsel. Ammons repeatedly alleged in his motion that he informed his trial counsel he wished to appeal, but his trial counsel failed to do so. In particular, Ammons alleged that he "made it crystal clear that he was not satisfied with the manner in which he was charged initially, and that he wanted to appeal to the Court of Appeals," but that his trial counsel "refused to perfect the notice of appeal"; that his trial counsel "rendered deficient performance by not filing [a] notice of appeal in light of [Ammons'] clear requests"; that he "urged trial counsel to perfect a notice of appeal"; and that he "pleaded with [trial counsel] to appeal the matter." Ammons also alleged that his trial counsel's failure to file a notice of appeal was "presumably prejudicial." In support of this proposition, Ammons cited the U.S. Supreme Court's opinion in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). Ammons requested that the district court reinstate his direct appeal.

The district court entered an order in which it stated that the "sole issue alleged is whether counsel was ineffective for failing to file a direct appeal." It ordered that an evidentiary hearing should be held on that issue and appointed counsel to represent Ammons. At the evidentiary hearing, the district court received the bill of exceptions from the plea hearing and sentencing hearing, as well as depositions of Ammons, Ammons' trial counsel, and Ammons' wife.

The district court later entered a written order denying Ammons' motion for postconviction relief. The district court considered whether Ammons directed his trial counsel to file an appeal. It observed that Ammons had offered no documentary evidence to support his contention that he directed trial counsel to file an appeal and that Ammons' trial counsel

had testified that if Ammons had asked him to file a notice of appeal, he would have done so. The district court found the testimony of Ammons' trial counsel credible and Ammons' testimony "less than credible." It found that Ammons did not direct his trial counsel to file an appeal and that therefore, trial counsel did not perform deficiently.

The district court's order made no factual findings as to whether Ammons' trial counsel consulted with him about filing an appeal and did not analyze whether trial counsel performed deficiently by failing to consult with Ammons about an appeal or whether Ammons was prejudiced by such a failure.

Ammons appealed the denial of his motion for postconviction relief.

*Court of Appeals.*

The Court of Appeals found that Ammons' motion for postconviction relief should have been granted and that he should have received a new direct appeal. The Court of Appeals began its analysis by reviewing the familiar framework for resolving claims of ineffective assistance of counsel, which requires the defendant to show both that counsel's performance was deficient and that the deficient performance caused prejudice. See *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d. 674 (1984). It then discussed how that framework can apply when a defendant makes a claim of ineffective assistance of counsel after an opportunity to file a direct appeal is lost. The Court of Appeals explained that under U.S. Supreme Court precedent, when a lawyer disregards a defendant's specific instructions to file an appeal, that constitutes deficient performance and prejudice will be presumed. The Court of Appeals then went on to discuss another way in which counsel can render ineffective assistance even in the absence of a specific instruction to file an appeal. Here, the Court of Appeals extensively discussed the U.S. Supreme Court's opinion in *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

Under *Flores-Ortega*, the Court of Appeals explained, counsel can be ineffective by failing to consult with the defendant about an appeal. In *Flores-Ortega*, the U.S. Supreme Court emphasized that the term "consult," in this context, has a "specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. But, as the Court of Appeals noted, the U.S. Supreme Court rejected the notion that effective counsel must always consult with the defendant about an appeal. Instead, the Supreme Court held that counsel has such a duty "'when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" *State v. Ammons*, 31 Neb. App. 489, 507, 984 N.W.2d 330, 344 (2022) (quoting *Flores-Ortega, supra*).

The Court of Appeals also discussed how prejudice is analyzed when counsel performs deficiently by failing to consult with the defendant about an appeal. The Court of Appeals explained that to show prejudice in that circumstance, the defendant must show a reasonable probability that, but for counsel's failure to consult with the defendant about an appeal, the defendant would have timely appealed.

After recounting these legal principles, the Court of Appeals turned to the facts of Ammons' case. It concluded that it could discern no error in the district court's finding that Ammons did not direct trial counsel to file an appeal. But the Court of Appeals did not stop there.

The Court of Appeals went on to analyze whether Ammons' trial counsel was ineffective for failing to consult with him regarding an appeal. On this issue, the Court of Appeals determined that trial counsel had a duty to consult with Ammons about an appeal and that trial counsel rendered deficient performance by failing to consult with him. It also

concluded that Ammons had demonstrated a reasonable probability that, but for trial counsel's failure to consult with him, he would have timely appealed and thus he had shown prejudice. Having found that Ammons demonstrated both deficient performance and prejudice, the Court of Appeals concluded that the district court should have granted Ammons' motion for postconviction relief. The Court of Appeals reversed the district court's decision and remanded the cause with directions to grant Ammons a new direct appeal.

We granted the State's petition for further review.

## ASSIGNMENTS OF ERROR

The State assigns that the Court of Appeals erred by reversing the district court's denial of Ammons' motion for postconviction relief.

## STANDARD OF REVIEW

[1,2] A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. *State v. Beehn*, 303 Neb. 172, 927 N.W.2d 793 (2019). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id.* With regard to questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's conclusion. *Beehn, supra*.

## ANALYSIS

The State's primary argument is that the Court of Appeals erred by granting Ammons relief on a claim that he did not present to the district court. The State contends that the sole claim alleged in Ammons' postconviction motion was that trial counsel disregarded his requests to file an appeal and that the Court of Appeals erred by concluding that trial counsel was ineffective for failing to consult with Ammons

about an appeal. For reasons we explain below, we agree with the State.

[3] As we have often recognized, an appellate court generally cannot reverse a trial court's decision based on an argument or theory that is raised for the first time on appeal. See, e.g., *Elbert v. Young*, 312 Neb. 58, 977 N.W.2d 892 (2022). Appellate courts do not entertain such new arguments or theories because "a lower court cannot commit error in resolving an issue that was never presented and submitted to it for disposition." *Id.* at 71-72, 977 N.W.2d at 903. We have specifically applied this principle in the postconviction context. We have said that in an appeal from the denial of postconviction relief, we will not consider for the first time on appeal claims that were not raised in the verified motion. *State v. Munoz*, 309 Neb. 285, 959 N.W.2d 806 (2021).

Given the foregoing, the Court of Appeals should have analyzed whether Ammons' trial counsel was ineffective by failing to consult with him about an appeal only if such a claim was raised by Ammons' verified motion. As we have discussed, Ammons' motion alleged that he had "request[ed]," "urged," and "pleaded with" trial counsel to file a notice of appeal and that trial counsel failed to do so. By these allegations, Ammons certainly asserted that his counsel was ineffective by disregarding his specific instructions to appeal. The motion contains no assertion, however, that trial counsel was deficient by failing to consult with Ammons about whether he wanted to appeal, much less factual allegations that would support such an assertion. The closest the motion comes to the idea of counsel's duty to consult with the defendant about an appeal is the citation to *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). But the motion did not reference the consultation duty discussed in *Flores-Ortega*, and Ammons' citation to the case followed a sentence in which he alleged that the failure to file a notice of appeal was presumably prejudicial, a concept that does not apply when the basis of an ineffective assistance claim is a

failure to consult with the defendant about an appeal. See 528 U.S. at 484 (rejecting "*per se* prejudice rule" for ineffective assistance claims based on failure to consult with defendant about appeal).

As there was no mention of a failure to consult in Ammons' motion, the Court of Appeals appears to have believed that Ammons' assertion that his counsel disregarded his requests to file an appeal required the district court (and, by extension, it) to analyze not only whether counsel disregarded Ammons' requests to appeal, but also whether counsel was ineffective for failing to consult with him about an appeal. This approach conflicts with an earlier Court of Appeals' opinion. In that case, albeit in a memorandum opinion, the Court of Appeals refused to consider a postconviction movant's argument on appeal that trial counsel was ineffective for failing to notify him of his appeal rights when the defendant's postconviction motion alleged only that trial counsel was ineffective for failing to file an appeal after being requested to do so. See *State v. Blake*, No. A-20-859, 2021 WL 3070781 (Neb. App. July 12, 2021) (selected for posting to court website).

Notwithstanding the Court of Appeals' earlier decision in *Blake, supra*, Ammons argues that the Court of Appeals was correct to address and grant him relief in this case on a failure-to-consult theory. We disagree. We find that the Court of Appeals' approach in this case is inconsistent with the rules governing postconviction proceedings and, contrary to Ammons' argument otherwise, not compelled by the U.S. Supreme Court's decision in *Flores-Ortega, supra*.

[4] We first address the rules governing postconviction proceedings. Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *State v. Lotter*, 311 Neb. 878, 976 N.W.2d 721 (2022). Those seeking relief under the postconviction statutes must file a verified motion in the court in which sentence was imposed "stating the grounds relied upon." Neb. Rev. Stat. § 29-3001(1)

(Reissue 2016). The court determines whether and on what claims an evidentiary hearing is warranted based on the allegations in the motion. See, e.g., *State v. Jaeger*, 311 Neb. 69, 970 N.W.2d 751 (2022). A prisoner is not entitled to an evidentiary hearing if a claim is supported by only conclusory statements of law or fact. See, e.g., *State v. Dubray*, 294 Neb. 937, 885 N.W.2d 540 (2016).

These rules require those seeking postconviction relief to set forth in their motion both the constitutional grounds upon which they seek relief and the specific factual allegations that support those grounds. The constitutional grounds and supporting factual allegations are used by the trial court to determine the issues on which an evidentiary hearing is warranted and provide notice to the trial court and the State of the issues presented for decision. Ammons' verified motion, however, gave no indication that he was alleging as "grounds" for postconviction relief that his counsel failed to consult with him about an appeal. See § 29-3001(1).

Not only did Ammons' motion not mention a failure to consult, it did not mention facts that would support such a claim. A failure-to-consult claim will not be based on the same facts as a claim that counsel failed to follow the defendant's express direction to appeal. Recall that "consult" has a very specific meaning in this context—"advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes"—and that counsel's duty to consult arises only when there is reason to believe the defendant would want to appeal. *Flores-Ortega*, 528 U.S. 470, 478, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). A failure-to-consult claim thus will not depend on allegations that the defendant instructed counsel to file an appeal, but on allegations that counsel should have known that the defendant might have been interested in appealing but failed to ascertain from the defendant whether that was, in fact, the case.

Indeed, as this case illustrates, the facts that would support a failure-to-consult claim may even be inconsistent with the facts alleged to support a claim that counsel failed to follow the defendant's express direction to appeal. A failure-to-consult claim in this case would have to rest on an allegation that Ammons' trial counsel, in the words of *Flores-Ortega*, failed "to discover [Ammons'] wishes" as to an appeal. 528 U.S. at 478. But, as we have discussed, Ammons' motion claimed not that his trial counsel failed to ascertain if Ammons wanted to appeal, but that Ammons clearly communicated his desire to appeal and trial counsel ignored his wishes.

We also disagree with Ammons' argument that *Flores-Ortega* itself required the district court to address whether his counsel was ineffective for failing to consult with him about an appeal despite his failure to make any allegations in his postconviction motion to that effect. We see nothing in *Flores-Ortega* that suggests courts are constitutionally obligated to determine whether counsel was ineffective for failing to consult with a defendant about an appeal when the defendant has alleged only that counsel failed to follow an express direction to appeal.

We find confirmation of our conclusion that *Flores-Ortega* did not require the district court to address whether Ammons' counsel was ineffective for failing to consult with him about an appeal in an opinion of the U.S. Court of Appeals for the Tenth Circuit that rejected a federal habeas petitioner's argument that his failure-to-consult claim was timely filed. See *U.S. v. Roe*, 913 F.3d 1285 (10th Cir. 2019). In that case, the Tenth Circuit discussed *Flores-Ortega*, but treated petitioner's failure-to-consult allegation as a separate claim that did not relate back to an earlier-filed claim asserting that counsel failed to follow specific instructions to appeal for statute of limitations purposes. In reaching that conclusion, the Tenth Circuit pointed out that the failure-to-consult claim was based on entirely different facts than the claim that counsel failed to follow the petitioner's direction to appeal and that the

two claims would need to be separately pleaded even if raised at the same time. See, also, *U.S. v. Alaniz*, 5 F.4th 632 (5th Cir. 2021) (also holding that failure-to-consult claim did not relate back to earlier-filed claim asserting that counsel failed to follow express direction to appeal).

Prior to concluding, we note that because Ammons did not present a failure-to-consult claim in his verified motion, the Court of Appeals encountered difficulties in addressing that issue. First, the Court of Appeals appeared to struggle to find evidence in the record relevant to a failure-to-consult claim, likely because the district court did not grant an evidentiary hearing for such a claim and the parties thus did not know to develop evidence relevant to that issue. See *State v. Ammons*, 31 Neb. App. 489, 510-11, 984 N.W.2d 330, 346 (2022) ("[w]e are unable to determine whether such presentencing conversations rose to the level of consulting with Ammons about an appeal [under *Flores-Ortega*]").

Further, with no district court factual findings to review on a failure-to-consult claim, the Court of Appeals appears to have made something akin to its own factual finding that Ammons' trial counsel did not consult with him for purposes of *Flores-Ortega*. But appellate courts cannot make their own factual findings in a postconviction case. To the contrary, our precedent instructs that if a trial court fails in its statutory obligation to make findings of fact and conclusion of law on an issue on which it has granted an evidentiary hearing, an appellate court is to remand the cause back to the trial court with directions to make such findings. See, e.g., *State v. Harris*, 294 Neb. 766, 884 N.W.2d 710 (2016); *State v. Costanzo*, 235 Neb. 126, 454 N.W.2d 283 (1990). Accordingly, if Ammons had alleged that counsel was ineffective for failing to consult with him about an appeal and the district court failed to make findings of fact and conclusions of law with respect to such a claim, the Court of Appeals should have returned the matter to the district court to address the issue in the first instance, rather than striking out on its own.

As we have discussed, however, Ammons' motion did not allege that counsel was ineffective for failing to consult with him about an appeal. That "ground" was thus not before the district court, and the Court of Appeals erred by reversing the district court's decision on that basis.

## CONCLUSION

For the reasons we have discussed, we find that the Court of Appeals erred by reversing the district court's denial of Ammons' motion for postconviction relief. Accordingly, we reverse the decision of the Court of Appeals and remand the cause with direction to affirm the district court's decision denying Ammons' motion.

REVERSED AND REMANDED WITH DIRECTION.