Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/10/2024 06:07 PM CDT

STATE OF NEBRASKA, APPELLEE AND
CROSS-APPELLANT, V. MICHAEL D. DAVIS,
APPELLANT AND CROSS-APPELLEE.

___ N.W.3d ___

Filed July 5, 2024.    No. S-23-930.

1. **Judgments: Appeal and Error.** When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.

2. **Appeal and Error.** Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.

3. **Criminal Law: Judgments: Sentences: Appeal and Error.** In a criminal case, the judgment from which the appellant may appeal is the sentence.

4. **Judgments: Collateral Attack.** When a judgment is attacked in a way other than by proceeding in the original action to have it vacated, reversed, or modified, or by a proceeding in equity to prevent its enforcement, the attack is a collateral attack.

5. ____: ____. Absent an explicit statutory or common-law procedure permitting otherwise, only a void judgment may be collaterally attacked.

6. **Postconviction: Collateral Attack.** Postconviction relief is a special statutory proceeding that permits collateral attack upon a criminal judgment.

7. **Postconviction: Constitutional Law.** Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable.

8. **Sentences.** When a sentencing court imposes an indeterminate sentence but that sentence fails to pronounce a valid minimum term under Neb. Rev. Stat. § 29-2204(1)(a) (Cum. Supp. 2022), the minimum term shall be the minimum imposed by law pursuant to § 29-2204(1)(b).

9. \_\_\_\_. When a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of court at which the sentence was imposed.
10. **Postconviction: Sentences.** Matters relating to sentences imposed within statutory limits are not a basis for postconviction relief.
11. **Postconviction: Constitutional Law.** Postconviction relief is only available where a constitutional violation renders the judgment void or voidable.

Appeal from the District Court for Saline County, David J. A. Bargen, Judge. Vacated and dismissed.

Justin Kuntz, of Hanson, Hroch & Kuntz, for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Cassel, J.

## INTRODUCTION

Michael D. Davis sought postconviction relief, asserting that a criminal sentence did not comply with a statute. The district court sustained the motion and imposed a new sentence. But because the law supplied a valid minimum term for the initial sentence, the sentence was not void and the court lacked authority to modify it. We vacate the new sentence and dismiss the appeal.

## BACKGROUND

### Original Sentences

In 2021, Davis entered guilty pleas to three counts of child abuse, all Class IIIA felonies, and one count of first degree arson, a Class II felony. For the arson conviction, the court imposed a sentence of 20 to 20 years' imprisonment.

## Direct Appeal

Davis filed a direct appeal.[1] Because he failed to include an assignments of error section in his brief, the Nebraska Court of Appeals reviewed for plain error only. It found none with respect to the sentences imposed. Neither party asked for further review by this court.

## Postconviction Proceedings

Davis timely filed a motion for postconviction relief. He asserted that the sentence imposed for arson was "void, voidable, and in violation of [his] rights as guaranteed by the Constitution[s] of the United States and State of Nebraska." Specifically, Davis claimed that the sentence violated Neb. Rev. Stat. § 29-2204(1)(a) (Cum. Supp. 2022) and this court's decision in *State v. Lessley*,[2] because the minimum term of imprisonment was not less than the maximum term. Alleging that the sentence was void or voidable on its face, Davis asserted that his request for relief was not barred. He asked that the arson sentence be vacated and that he be resentenced.

On May 25, 2023, the court entered an order ruling on the postconviction motion. It reasoned that because the arson sentence did not comply with the statutory requirement that the minimum term be less than the maximum term, the sentence was invalid on its face, constituted plain error, and was void ab initio. Although the court stated that the sentencing issue could have been raised on direct appeal, it found the issue was not procedurally barred "because the sentencing issue constitutes plain error, making his sentence void ab initio."

The court concluded that it was necessary to resentence Davis for the arson conviction, and it set resentencing for a later date. No appeal was taken from this order.

---

[1] See *State v. Davis*, No. A-21-619, 2022 WL 677946 (Neb. App. Mar. 8, 2022) (selected for posting to court website).

[2] *State v. Lessley*, 301 Neb. 734, 919 N.W.2d 884 (2018).

## REQUESTS FOR TELEPHONE RECORDS

After Davis filed his motion for postconviction relief, he sought telephone records of his March 2023 conversations with his wife. To obtain such records, he filed a motion to subpoena telephone records, a praecipe for subpoena to be served on an individual with the Nebraska Department of Correctional Services directing that individual to bring telephone records, and a motion for "Transcript's of Institution Phone records/calls." The court denied the motions.

## RESENTENCING

In October 2023—shortly after a newly amended version of Neb. Rev. Stat. § 83-1,110(1)(b) (Supp. 2023) became effective[3]—the court imposed a sentence of 19 years 11 months to 20 years' imprisonment for the arson conviction, to run concurrently with the other sentences. It granted Davis credit for 1,072 days of time already served. The court advised Davis that he would be eligible for parole "after serving one half of the minimum term of 19 years and 11 months" and that Davis' mandatory discharge date would be "after serving one half of the maximum term of 20 years assuming maximum good time."

Davis appealed, and we granted the State's petition to bypass review by the Court of Appeals.[4]

## ASSIGNMENTS OF ERROR

Davis alleges that the district court erred or abused its discretion by (1) imposing a sentence that exceeded the parole date mandated by § 83-1,110(1)(b) and violated Nebraska's truth-in-sentencing laws, (2) imposing an excessive sentence, and (3) denying Davis the right to use the court's subpoena power to obtain recorded telephone conversations from the Department of Correctional Services.

---

[3] See 2023 Neb. Laws, L.B. 50, § 47.

[4] See Neb. Rev. Stat. § 24-1106(2) (Cum. Supp. 2022).

On cross-appeal, the State assigns that the court erred by finding Davis' original sentences were subject to a collateral attack and by granting postconviction relief when it was not a legally available remedy.

## STANDARD OF REVIEW

[1] When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[5]

## ANALYSIS

### Authority to Impose New Sentence

Before considering the errors assigned by Davis, we address the State's arguments challenging the district court's authority to resentence Davis.

[2] The State makes two attacks. It asserts plain error, contending that the court lacked such authority. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.[6] It also filed a cross-appeal in which it alleges that the court erred by finding Davis' original sentences were subject to a collateral attack and by granting postconviction relief when it was not a legally available remedy.

[3-5] In a criminal case, the judgment from which the appellant may appeal is the sentence.[7] When a judgment is attacked in a way other than by proceeding in the original action to have it vacated, reversed, or modified, or by a proceeding in equity to prevent its enforcement, the attack is a collateral attack.[8] Absent an explicit statutory or common-law

---

[5] *State v. Barnes*, 303 Neb. 167, 927 N.W.2d 64 (2019).

[6] *State v. Brennauer*, 314 Neb. 782, 993 N.W.2d 305 (2023).

[7] *State v. Barnes, supra* note 5.

[8] *Id.*

procedure permitting otherwise, only a void judgment may be collaterally attacked.[9]

[6,7] Postconviction relief is a special statutory proceeding that permits collateral attack upon a criminal judgment.[10] But postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable.[11]

Here, Davis filed a motion for postconviction relief to challenge his original sentencing. He asserted that the sentence for arson was partially void.

Davis alleged that the sentence of 20 to 20 years' imprisonment for a Class II felony did not comply with § 29-2204(1). That statute provides:

> Except when a term of life imprisonment is required by law, in imposing a sentence upon an offender for any class of felony other than a Class III, IIIA, or IV felony, the court shall fix the minimum and the maximum terms of the sentence to be served within the limits provided by law. The maximum term shall not be greater than the maximum limit provided by law, and:
>
> (a) The minimum term fixed by the court shall be *any term of years less than the maximum* term imposed by the court; *or*
>
> (b) The minimum term shall be *the minimum limit provided by law.*[12]

Focusing on § 29-2204(1)(a), Davis asserted that his sentence for arson was void because the minimum term was the same as the maximum term. The district court agreed that it was void. We do not.

No party quarrels with the maximum sentence imposed by the court, and we agree that it complies with § 29-2204(1).

---

[9] *Id.*

[10] *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016).

[11] *State v. Ammons*, 314 Neb. 433, 990 N.W.2d 897 (2023).

[12] § 29-2204(1) (emphasis supplied).

Under § 29-2204(1), the maximum term shall not be greater than the maximum term provided by law. Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2022) provides that the maximum term for a Class II felony is 50 years' imprisonment. Accordingly, the maximum term imposed by the court of 20 years' imprisonment was valid.

The parties agree that the minimum term pronounced by the court does not comply with § 29-2204(1)(a). As they recognize, we have spoken on the validity of a sentence of 20 to 20 years' imprisonment for a Class II felony. In *Lessley*, we declared that the initial sentence of 20 to 20 years' imprisonment was invalid and subject to modification.[13] There, after pronouncing that sentence and following a discussion with counsel, the district court added 1 day to the maximum term. On direct appeal, we affirmed the modified sentence of 20 to 20 years' imprisonment plus 1 day.

The procedural posture here is different. We are not addressing a direct appeal from the initial sentence. Rather, we are presented with a collateral attack.

We recall our jurisprudence concerning a sentencing court's failure to affirmatively state a minimum term. In connection with imposition of a flat sentence of life imprisonment in *State v. Schnabel*,[14] we stated that by operation of law, the minimum sentence is the minimum imposed by law. We explained:

> [W]hile § 29-2204 does not require that a minimum term be different from a maximum term, it does require that a minimum term be affirmatively stated if it is to be imposed, and if a minimum term is not set forth, an indeterminate sentence will be imposed by operation of law.[15]

Because *Schnabel* involved a Class IB felony, the minimum provided by law under § 28-105 was 20 years' imprisonment.

---

[13] *State v. Lessley, supra* note 2.

[14] *State v. Schnabel*, 260 Neb. 618, 618 N.W.2d 699 (2000).

[15] *Id.* at 623, 618 N.W.2d at 703.

In *State v. Gass*,[16] we likewise determined that the pronouncement of a "flat sentence of imprisonment 'for a period of life' effectively imposed a maximum term of life imprisonment and by operation of law a minimum term (for parole eligibility purposes) of 20 years' imprisonment." Of course, at that time, § 29-2204 permitted an indeterminate sentence for a Class II felony where the minimum term was the same as the maximum term.[17] Now, § 29-2204 (Cum. Supp. 2022) does not permit the minimum term for a Class II felony to be the same as the maximum term.

We think a rationale similar to *Schnabel* applies when a sentencing court imposes an indeterminate sentence where the minimum term is the same as the maximum term and is thus contrary to § 29-2204(1)(a). In both situations, the sentencing court effectively fails to pronounce a valid minimum sentence. So, in both situations, by operation of law, the minimum sentence should default to the minimum provided by law.

[8] We hold that when a sentencing court imposes an indeterminate sentence but that sentence fails to pronounce a valid minimum term under § 29-2204(1)(a), the minimum term shall be the minimum imposed by law pursuant to § 29-2204(1)(b). This could happen where the pronounced minimum term is equal to or greater than the maximum term, or where the pronounced minimum term is less than the statutory minimum under § 28-105.

Here, the court's initial sentence of 20 to 20 years' imprisonment did not set forth a valid minimum sentence under § 29-2204(1)(a). Thus, § 29-2204(1)(b) dictates that "[t]he minimum term shall be the minimum limit provided by law." Under § 28-105(1), the minimum sentence for a Class II felony is 1 year's imprisonment. The minimum term occurred by operation of law; it does not matter that the parties, the

---

[16] *State v. Gass*, 269 Neb. 834, 838, 697 N.W.2d 245, 248 (2005).

[17] See § 29-2204 (Reissue 2008).

lower courts, and the Department of Correctional Services may not have recognized the resulting sentence.

[9] Because the law supplied a valid minimum term of 1 year's imprisonment, Davis' initial sentence was not void. When a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of court at which the sentence was imposed.[18]

[10,11] Further, matters relating to sentences imposed within statutory limits are not a basis for postconviction relief.[19] Postconviction relief is only available where a constitutional violation renders the judgment void or voidable.[20] Accordingly, the district court plainly erred by sustaining Davis' motion for postconviction relief and it lacked authority to resentence Davis. We must vacate the new sentence.

REMAINING ASSIGNMENTS OF ERROR

The three errors assigned by Davis are all premised upon the new sentence imposed. Because the district court had no authority to resentence Davis, there was nothing from which he could appeal. As we have said, "'Nothing comes from nothing.'"[21]

CONCLUSION

Because Davis' initial sentence was not void, the district court lacked authority to grant the relief requested in Davis' motion for postconviction relief. We vacate the new sentence and dismiss the appeal.

VACATED AND DISMISSED.

FREUDENBERG, J., not participating.

---

[18] *State v. Lessley, supra* note 2.

[19] *State v. Burnett*, 254 Neb. 771, 579 N.W.2d 513 (1998); *State v. Evans*, 218 Neb. 849, 359 N.W.2d 790 (1984).

[20] *State v. Boeggeman*, 316 Neb. 581, 5 N.W.3d 735 (2024).

[21] *State v. Miller*, 240 Neb. 297, 299, 481 N.W.2d 580, 581 (1992).