Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/17/2019 09:06 AM CDT

State of Nebraska, appellee, v.
Richard C. Barnes, appellant.
___ N.W.2d ___

Filed May 17, 2019.    No. S-18-875.

1. **Judgments: Appeal and Error.** When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
2. **Criminal Law: Judgments: Sentences: Appeal and Error.** In a criminal case, the judgment from which the appellant may appeal is the sentence.
3. **Judgments: Collateral Attack.** When a judgment is attacked in a way other than by proceeding in the original action to have it vacated, reversed, or modified, or by a proceeding in equity to prevent its enforcement, the attack is a collateral attack.
4. ____: ____. Absent an explicit statutory or common-law authority permitting collateral attack upon a criminal judgment under other circumstances, only a void judgment may be collaterally attacked.
5. **Sentences.** A sentence outside of the period authorized for a valid crime is erroneous only; it is not a void sentence.
6. ____. Failing to give credit for time served, while erroneous, does not render the sentence void.
7. **Criminal Law: Final Orders: Sentences: Collateral Attack.** Neb. Rev. Stat. § 83-1,106(1) (Reissue 2014) does not set forth a right to collaterally attack the final judgment in a criminal case on the ground that credit for time served was not given as mandated by the statute.

Appeal from the District Court for Pierce County: James G. Kube, Judge. Affirmed.

Richard C. Barnes, pro se.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

FREUDENBERG, J.

## NATURE OF CASE

The defendant, who was sentenced in 1994, sought in 2018 to have his sentence amended to reflect credit for time served by filing a "Motion/Request for Jail Credit." The district court denied the motion, and the defendant appeals. We affirm.

## BACKGROUND

In 1994, pursuant to a voluntary guilty plea, Richard C. Barnes was convicted on one count of first degree murder and one count of use of a weapon to commit a felony. He was sentenced to life imprisonment on the murder conviction and from $6\frac{2}{3}$ years' to 20 years' imprisonment on the use of a weapon conviction. The court did not give Barnes credit for time served.

Barnes did not file a direct appeal. In 2004, Barnes filed an amended motion seeking postconviction relief. He argued that defense counsel was ineffective by failing to file a direct appeal after Barnes requested that he do so. Barnes also argued that he had been denied due process and equal protection of the law, because the sentencing court failed to give him credit for time served against his sentence on the use of a weapon conviction. After an evidentiary hearing, Barnes' motion for postconviction relief was denied.

In *State v. Barnes*,[1] we affirmed the order denying postconviction relief. We held that the court did not clearly err in finding that Barnes did not ask his trial counsel to file a direct appeal. We thus affirmed the district court's conclusion that defense counsel's performance in failing to file a direct

---

[1] *State v. Barnes*, 272 Neb. 749, 724 N.W.2d 807 (2006).

appeal was not deficient. Regarding Barnes' challenges to the sentencing order that failed to give Barnes credit for time served, we held that those challenges were procedurally barred because they could have been raised on direct appeal.

In 2018, Barnes, proceeding pro se, filed a "Motion/Request for Jail Credit Pursuant to N.R.S. sec: 83-1,106(1). State v. Esquinel, 244 Neb. 308 (1993)." The district court denied the motion, reasoning that it had no authority to amend the 1994 sentencing order. Barnes appeals.

## ASSIGNMENT OF ERROR

Barnes assigns that the "lower District Court erred in failing at the conclusion of the sentencing hearing by the failure of the district court to calculate the amount of credit to be given for time served."

## STANDARD OF REVIEW

[1] When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.[2]

## ANALYSIS

Barnes argues that we should recognize the trial court plainly erred in failing to grant him credit for time served and that we should, as in the case of *State v. Groff*,[3] remand the cause to the district court for a determination of credit for time served. *State v. Groff*, however, involved the direct appeal from the defendant's convictions and sentences. This case involves a collateral attack.

[2-4] In a criminal case, the judgment from which the appellant may appeal is the sentence.[4] The sentence includes credit for time served under Neb. Rev. Stat. § 83-1,106(1) (Reissue

---

[2] *State v. Jerke*, 302 Neb. 372, 923 N.W.2d 78 (2019).

[3] *State v. Groff*, 247 Neb. 586, 529 N.W.2d 50 (1995).

[4] *State v. Ratumaimuri*, 299 Neb. 887, 911 N.W.2d 270 (2018).

2014).[5] When a judgment is attacked in a way other than by proceeding in the original action to have it vacated, reversed, or modified, or by a proceeding in equity to prevent its enforcement, the attack is a collateral attack.[6] Absent an explicit statutory or common-law procedure permitting otherwise, only a void judgment may be collaterally attacked.[7]

[5,6] A sentence outside of the period authorized for a valid crime is erroneous only; it is not a void sentence.[8] Thus, failing to give credit for time served, while erroneous, does not render the sentence void.[9]

[7] Barnes fails to present statutory or common-law authority for his 2018 motion collaterally attacking the erroneous, but not void, sentence rendered in 1994. Barnes purported to bring his motion under the authority of § 83-1,106(1) and *State v. Esquivel*.[10] Section 83-1,106(1) provides that "[c]redit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." Section 83-1,106(1) does not set forth a right to collaterally attack the final judgment in a criminal case on the ground that credit for time served was not given as mandated by the statute. While we held in *State v. Esquivel* that a judge is

---

[5] See, *State v. Barnes, supra* note 1; *State v. Groff, supra* note 3.

[6] *State v. Ratumaimuri, supra* note 4.

[7] See *Sanders v. Frakes*, 295 Neb. 374, 888 N.W.2d 514 (2016). See, also, *State v. Jerke, supra* note 2; *State v. Robertson*, 294 Neb. 29, 881 N.W.2d 864 (2016); *State v. Erpelding*, 292 Neb. 351, 874 N.W.2d 265 (2015); *State v. Gonzalez*, 285 Neb. 940, 830 N.W.2d 504 (2013); *State v. Smith*, 269 Neb. 773, 696 N.W.2d 871 (2005).

[8] See *Meyer v. Frakes*, 294 Neb. 668, 884 N.W.2d 131 (2016). See, also, e.g., *Hickman v. Fenton*, 120 Neb. 66, 231 N.W. 510 (1930); *In re Fanton*, 55 Neb. 703, 76 N.W. 447 (1898).

[9] See *State v. Barnes, supra* note 1.

[10] *State v. Esquivel*, 244 Neb. 308, 505 N.W.2d 736 (1993).

required to separately determine, state, and grant the amount of credit on the defendant's sentence to which the defendant is entitled under § 83-1,106(1), that case, like *State v. Groff*, was decided on direct appeal and does not provide authority for collaterally attacking a sentence that fails to grant credit for time served.

There is no authority for Barnes' collateral attack on the 1994 judgment through a motion for jail credit. Thus, the district court did not err in denying Barnes' motion.

## CONCLUSION

For the foregoing reasons, we affirm the order of the district court.

AFFIRMED.