Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/15/2022 12:07 AM CDT

State of Nebraska, appellee, v.
Andrew McAleese, appellant.

\_\_\_ N.W.2d \_\_\_

Filed March 25, 2022.    No. S-21-255.

1. **Jurisdiction: Appeal and Error.** Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court.
2. \_\_\_\_: \_\_\_\_. Subject matter jurisdiction is a question of law for the court, which requires an appellate court to reach a conclusion independent of the lower court's decision.
3. **Criminal Law: Statutes.** Where a criminal procedure is not authorized by statute, it is unavailable to a defendant in a criminal proceeding.
4. **Criminal Law: Jurisdiction.** When an unauthorized motion is filed in a criminal case, the court lacks subject matter jurisdiction to adjudicate it.
5. **Judgments: Jurisdiction: Collateral Attack.** When a collateral attack on a criminal judgment is not raised in a recognized proceeding, the court lacks jurisdiction over the claim.
6. **Criminal Law: Judgments: Jurisdiction.** A criminal judgment is void when the court rendering it lacks jurisdiction or a legal basis to impose judgment.

Appeal from the District Court for Adams County, Terri S. Harder, Judge, on appeal thereto from the County Court for Adams County, Michael P. Burns, Judge. Judgment of District Court affirmed.

Shon T. Lieske, of Lieske, Lieske & Ensz, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Jordan Osborne for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Stacy, J.

Nearly 9 years after the county court sentenced him for driving under the influence, third offense, Andrew McAleese filed a motion seeking to vacate and correct his sentence to add an ignition interlock provision. The county court concluded it had no legal authority to consider such a motion, and it denied the motion on that basis. McAleese appealed, and the district court affirmed. McAleese appeals again, and we granted the State's petition to bypass. We likewise affirm.

## BACKGROUND

In 2008, McAleese was convicted in the county court for Adams County of driving under the influence of alcohol, third offense, a Class W misdemeanor. McAleese was sentenced to a 60-month term of probation, which included a 30-day jail term, a $600 fine, and a 2-year license revocation.

In September 2010, McAleese's probation was revoked, and he was resentenced to a jail term of 120 days, a $600 fine, and a 15-year license revocation. McAleese was ordered not to drive a motor vehicle during the 15-year period of revocation, and the court impounded his operator's license during that period.

Although neither party brought it to the attention of the sentencing court at the time, the parties agree that in addition to the statutory penalty for driving under the influence,[1] the statutory scheme governing the crime of driving under the influence also requires a sentencing court to issue an order pursuant to Neb. Rev. Stat. § 60-6,197.01 (Reissue 2021).[2] The version of § 60-6,197.01 in effect when McAleese was arrested required

---

[1] See, generally, Neb. Rev. Stat. § 60-6,196(2) (Reissue 2021) (providing anyone who is convicted of driving under the influence shall be "punished as provided in sections 60-6,197.02 to 60-6,197.08").

[2] See, generally, Neb. Rev. Stat. § 60-6,197.03(4) (Reissue 2021).

the court to impose one of two restrictions on all motor vehicles owned by the convicted person; it could either (1) order the motor vehicles immobilized for a period not less than 5 days nor more than 8 months or (2) order "installation of an ignition interlock device . . . if [the defendant] was sentenced to an operator's license revocation of at least one year and has completed at least one year of such revocation."[3]

It is undisputed that neither the 2010 sentencing order, nor any other order in our record, imposed either of the statutory restrictions on motor vehicles owned by McAleese. No appeal was taken, and the conviction and sentence became final 30 days later.[4]

Nine years later, McAleese filed what he titled as a "Motion to Re-Open the Case [and] Vacate the Previous Sentencing Order and to Resentence the Defendant to Authorize an Ignition Interlock Device During Revocation." The motion asserted that the 2010 sentencing order failed to include an order pursuant to § 60-6,197.01, and it requested that the criminal case be reopened so the sentencing order could be vacated and "corrected to order [McAleese] to obtain [and] install an ignition interlock device in his vehicle . . . for the remainder of his revocation period."

The county court denied the postjudgment motion. It acknowledged that the 2010 sentencing order was "flawed" in that it failed to include an order pursuant to § 60-6,197.01. But the court observed that the 2010 sentence had not been

---

[3] See §§ 60-6,197.01(1)(a) and (b) and 60-6,197.03(4) (Cum. Supp. 2006). See, also, Neb. Rev. Stat. § 60-6,197.02(4) (Cum. Supp. 2010) ("[a] person arrested for a violation of section 60-6,196 or 60-6,197 before May 14, 2009, but sentenced . . . after May 14, 2009, shall be sentenced according to the provisions of section 60-6,197.03 in effect on the date of arrest").

[4] See, *State v. Beyer*, 260 Neb. 670, 619 N.W.2d 213 (2000) (holding when no appeal taken from criminal judgment, it becomes final for all purposes); *Caradori v. Hamilton*, 193 Neb. 500, 227 N.W.2d 850 (1975) (same). See, also, *State v. Jonsson*, 192 Neb. 730, 224 N.W.2d 181 (1974) (holding judgment and sentence become final 30 days after entered if no appeal filed).

appealed, and "now, more than nine years later, any recognized flaws are well past that point in time that may have allowed the authority of this court to rectify the same." Concluding that it had no "legal authority" to reopen the case or grant the requested relief by correcting the sentence, the court denied the motion.

McAleese appealed. The district court, sitting as an appellate court, agreed the 2010 sentencing order was erroneous in that it failed to include an order pursuant to § 60-6,197.01. But the district court also agreed with the county court's recognition that it lacked jurisdiction to vacate and correct McAleese's sentence, which had long ago become a final judgment. The district court therefore affirmed the county court's order denying the motion based on a lack of jurisdiction.

McAleese filed a timely appeal, and we granted the State's petition to bypass.

## ASSIGNMENT OF ERROR

McAleese assigns that the district court erred in affirming the county court's denial of his motion to vacate and correct his sentence.

## STANDARD OF REVIEW

[1,2] Determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court.[5] Subject matter jurisdiction is a question of law for the court, which requires an appellate court to reach a conclusion independent of the lower court's decision.[6]

## ANALYSIS

The court's failure to issue an order pursuant to § 60-6,197.01 when imposing the 2010 sentence is something McAleese

---

[5] *State v. Coble*, 299 Neb. 434, 908 N.W.2d 646 (2018). See *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

[6] *State v. Chojolan*, 288 Neb. 760, 851 N.W.2d 661 (2014).

could have brought to the attention of the county court at the time of sentencing or could have assigned as error on direct appeal.[7] He did neither. Instead, 9 years after his criminal judgment became final, McAleese filed a motion asking the sentencing court to reopen his criminal case, vacate his sentence, and impose a "corrected" sentence. McAleese directs us to no statutory authority for such a motion, and we are aware of none.

[3-5] We have long recognized the general rule that where a criminal procedure is not authorized by statute, it is unavailable to a defendant in a criminal proceeding.[8] And we have said that when an unauthorized motion is filed in a criminal case, the court lacks subject matter jurisdiction to adjudicate it.[9] Similarly, we have said that when a collateral attack on

---

[7] See, e.g., *State v. Sikes*, 286 Neb. 38, 834 N.W.2d 609 (2013) (defendant convicted of driving under influence, third offense, assigns error to sentencing order that required ignition interlock device and continuous alcohol monitor during 15-year license revocation); *State v. Hense*, 276 Neb. 313, 753 N.W.2d 832 (2008) (State files error proceeding to challenge sentencing court's failure to impose 15-year license revocation as required by statute when sentencing one convicted of operating vehicle during period of revocation).

[8] See, *State v. Melton*, 308 Neb. 159, 953 N.W.2d 246 (2021) (holding postjudgment motion to modify nonprobationary sentence is not authorized by criminal procedure statutes and thus is not available in criminal proceeding); *State v. Dunster*, 270 Neb. 773, 707 N.W.2d 412 (2005) (holding court lacked jurisdiction over postjudgment motion to vacate death sentence because motion not statutorily authorized and same relief could be requested in legislatively authorized procedure such as postconviction motion); *State v. Louthan*, 257 Neb. 174, 186, 595 N.W.2d 917, 925 (1999) (holding Legislature "has not enacted a procedure for asserting second-tier challenges to prior plea-based [driving under the influence] convictions, and thus, unless such a procedure is constitutionally mandated, it 'is unauthorized and, therefore, unavailable under Nebraska criminal procedure'"); *State v. Miller*, 240 Neb. 297, 481 N.W.2d 580 (1992) (holding motions for judgment notwithstanding the verdict allowed in civil proceedings, but unauthorized in criminal proceedings).

[9] See, *Melton, supra* note 8; *Dunster, supra* note 8; *Miller, supra* note 8.

a criminal judgment is not raised in a recognized proceeding, the court lacks jurisdiction over the claim.[10]

Here, the county court concluded that it lacked "legal authority" to reopen the criminal case or vacate and correct the sentence, and on that basis, it denied the motion. On appeal, the district court agreed that the county court lacked jurisdiction to vacate and correct McAleese's sentence, which had long ago become a final judgment, and therefore, it affirmed the county court's order denying the motion. We likewise conclude the county court lacked subject matter jurisdiction to adjudicate the motion filed by McAleese, as there is no recognized criminal procedure which authorizes a sentencing court to reopen a criminal case after the judgment has become final in order to vacate and correct an alleged sentencing error.

Whether McAleese's motion is viewed as an unauthorized motion to modify a sentence[11] or as an unauthorized collateral attack on his criminal judgment,[12] the sentencing court had no subject matter jurisdiction to adjudicate the motion, and the district court did not err in affirming the county court's order based on a lack of jurisdiction.

For the sake of completeness, we note that McAleese contends that his 2010 sentence was "void, at least in part, due to its failure to comply with . . . § 60-6,197.01."[13] We soundly reject this characterization.

[6] It is well-established that a criminal judgment is void when the court rendering it lacks jurisdiction or a legal basis

---

[10] *State v. Rodriguez*, 288 Neb. 714, 850 N.W.2d 788 (2014). See *Dunster, supra* note 8.

[11] See, e.g., *State v. Irish*, 298 Neb. 61, 902 N.W.2d 669 (2017) (holding district court correctly determined it lacked jurisdiction to consider defendant's postjudgment motion seeking to reduce license revocation period in sentencing order).

[12] See *State v. Barnes*, 303 Neb. 167, 927 N.W.2d 64 (2019) (affirming denial of 2018 motion requesting jail credit on 1994 sentence, because district court had no statutory authority to consider collateral attack on sentence which was erroneous but not void).

[13] Brief for appellant at 15.

to impose judgment.[14] Here, there is no dispute that in 2010, the sentencing court had jurisdiction over McAleese and had subject matter jurisdiction over the crime for which he was sentenced. The alleged sentencing error raised by McAleese does not pertain in any respect to the court's jurisdiction to impose the sentence. Instead, it involves only the court's failure to issue an order pursuant to § 60-6,197.01 when it imposed the sentence. This alleged error or irregularity is not one which rendered the judgment and sentence void,[15] and McAleese's claim to the contrary is meritless.

---

[14] See *Sanders v. Frakes*, 295 Neb. 374, 888 N.W.2d 514 (2016). See, also, *Gray v. Kenney*, 290 Neb. 888, 863 N.W.2d 127 (2015); *Peterson v. Houston*, 284 Neb. 861, 824 N.W.2d 26 (2012); *Rehbein v. Clarke*, 257 Neb. 406, 598 N.W.2d 39 (1999); *In re Carbino*, 117 Neb. 107, 219 N.W. 846 (1928); *Keller v. Davis*, 69 Neb. 494, 95 N.W. 1028 (1903); *In re Ream*, 54 Neb. 667, 75 N.W. 24 (1898).

[15] See, *Barnes, supra* note 12, 303 Neb. at 170, 927 N.W.2d at 67 (explaining "[a] sentence outside of the period authorized for a valid crime is errone-ous only; it is not a void sentence" and "failing to give credit for time served, while erroneous, does not render the sentence void"); *State v. Ratumaimuri*, 299 Neb. 887, 911 N.W.2d 270 (2018) (finding incorrect determination that Sex Offender Registration Act applies is error that does not void application of act); *Meyer v. Frakes*, 294 Neb. 668, 676, 884 N.W.2d 131, 138 (2016) (holding "failure by the court to impose a sentence inside of the mandatory statutory limits for a valid crime is erroneous only; it is not a void sentence subject to collateral attack"); *State v. Woodruff*, 205 Neb. 638, 641, 288 N.W.2d 754, 757 (1980) ("[a] sentence to imprisonment which exceeds the maximum statutory period is merely erroneous and not void"); *Hickman v. Fenton*, 120 Neb. 66, 231 N.W. 510 (1930) (sentence for less than minimum prescribed by statute is erroneous, but not void); *McElhaney v. Fenton*, 115 Neb. 299, 212 N.W. 612 (1927) (sentence in excess of statutory period was erroneous, but not void); *In re Fanton*, 55 Neb. 703, 76 N.W. 447 (1898) (same). See, also, *State v. Gunther*, 271 Neb. 874, 716 N.W.2d 691 (2006) (sentence imposed pursuant to unconstitutional statute is erroneous, but not void); *State v. Conover*, 270 Neb. 446, 703 N.W.2d 898 (2005) (same); *State v. Rouse*, 206 Neb. 371, 381, 293 Neb. 83, 89 (1980) (explaining that "[a]n indeterminate sentence imposed for a crime, where not authorized by statute, is erroneous but not void"); *State v. Alford*, 6 Neb. App. 969, 578 N.W.2d 885 (1998) (same).

## CONCLUSION

The district court correctly concluded that 9 years after the judgment and conviction became final, the county court lacked jurisdiction to adjudicate McAleese's motion to vacate and correct his sentence. We therefore affirm the judgment of the district court.

Affirmed.