Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/24/2025 09:09 AM CDT

**State of Nebraska, appellee, v.
Keloni Jones, appellant.**
___ N.W.3d ___

Filed April 24, 2025.   No. S-24-618.

1. **Judgments: Appeal and Error.** An appellate court reviews questions of law independently of the lower court's conclusion.
2. **Sentences: Appeal and Error.** Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits.
3. **Sentences: Time.** A sentence validly imposed takes effect from the time it is pronounced.
4. **Sentences.** When a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of court at which the sentence was imposed.
5. **Sentences: Judges: Records.** The circumstances under which a judge may correct an inadvertent mispronouncement of a sentence are limited to those instances in which it is clear that the defendant has not left the courtroom; it is obvious that the judge, in correcting his or her language, did not change in any manner the sentence originally intended; and no written notation of the inadvertently mispronounced sentence was made in the records of the court.
6. **Sentences: Jurisdiction: Time.** When a sentencing court pronounces an invalid or erroneous sentence, it can correct the error while it still has jurisdiction.
7. **Sentences: Appeal and Error.** When a sentencing error is noted on direct appeal, an appellate court can modify the sentence. Alternatively, an appellate court can vacate an invalid or erroneous sentence and remand a cause to the sentencing court for imposition of a lawful sentence.
8. **Sentences: Jurisdiction: Appeal and Error.** Where the sentencing court had jurisdiction over the defendant and subject matter jurisdiction over the crime for which the defendant was sentenced, the sentencing court cannot modify a sentence after a direct appeal has concluded.

9. **Postconviction: Sentences: Appeal and Error.** The holding in *State v. Davis*, 317 Neb. 59, 8 N.W.3d 247 (2024), is limited to a situation where (1) the pronouncement and written confirmation of an invalid minimum term under Neb. Rev. Stat. § 29-2204(1) (Cum. Supp. 2024) is not raised to the sentencing court or to an appellate court, or otherwise addressed before the sentence becomes final; (2) a postconviction court erroneously finds the sentence to be void; (3) no appeal is taken from that erroneous finding; and (4) the postconviction court then purports to impose a new sentence.

10. **Sentences: Appeal and Error.** When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles.

11. **Judges: Words and Phrases.** A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.

12. **Sentences.** When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.

13. ____. A sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

Appeal from the District Court for Douglas County: LeAnne M. Srb, Judge. Affirmed.

Keith Dornan and Stuart J. Dornan, of Dornan, Troia, Howard, Breitkreutz, Dahlquest & Klein, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

Funke, C.J., Miller-Lerman, Cassel, Stacy, Papik, Freudenberg, and Bergevin, JJ.

CASSEL, J.

## INTRODUCTION

In this direct appeal, Keloni Jones challenges the district court's modification of a sentence it originally pronounced—but orally altered hours later—and the excessiveness of the sentences. Because as originally pronounced, one of the sentences contained an invalid minimum term, so the sentencing court could modify it while it still had jurisdiction. And because the sentences of imprisonment were within statutory limits and were not clearly untenable, we affirm them.

## BACKGROUND

### CHARGES AND PLEAS

The State originally charged Jones with second degree murder, a Class IB felony, and use of a deadly weapon (firearm) to commit a felony, a Class IC felony. Pursuant to a plea agreement, the State filed an amended information charging Jones with manslaughter, a Class IIA felony, and possession of a deadly weapon (firearm) during the commission of a felony, a Class II felony. Jones entered pleas of no contest to the charges in the amended information.

The State provided a factual basis to support the pleas. According to the prosecutor, Jones was involved in an altercation outside of a bar in Omaha, Nebraska, on May 7, 2023. A security guard at the bar broke up the altercation. At some point, Jones withdrew a weapon from her purse and fired one round into the guard's chest, killing him. The court accepted Jones' pleas and found her guilty of both charges.

### SENTENCING

During a sentencing hearing, the district court orally pronounced sentences of 20 to 20 years' imprisonment for the manslaughter conviction and 20 to 20 years' imprisonment plus 1 day for the possession of a deadly weapon conviction. The court ordered the sentences to be served consecutively and gave Jones credit for 450 days of time served. No objections were raised concerning the sentences. The court remanded

Jones to the custody of the sheriff and adjourned the sentencing hearing.

Some 3 hours later, the court reconvened counsel and Jones for a hearing. The court stated that it wished to "correct an inadvertent mispronouncement of the sentence that [it] originally intended to pronounce." The trial judge explained the situation as follows:

> [A]s soon as the Court realized that the sentence I pronounced was inadvertently not correct, by that time . . . Jones was already taken from the courtroom because of everything going on. The Sheriffs have a job that they have to do and they had to take her immediately down to the Correctional Center, so she wasn't even in the building when the Court called up to see if she could be brought back to the courtroom.
>
> And I say that because I would have just handled this pretty much immediately had [I] not had other things going on. Once I stepped back into my chambers and realized that I had inadvertently mispronounced the sentence, I had not yet made it a part of the written record. Nothing's been filed in this case and the sentence I imposed did state — verbally I did state what I intended the sentence to be, so I wanted to point that out.
>
> So at this time I am going to find it appropriate to reimpose the sentence upon you . . . .

The court modified the sentence for manslaughter to a term of imprisonment of 19 years 364 days to 20 years. It gave credit for the 450 days that Jones served toward that sentence. For the possession of a deadly weapon conviction, the court imposed the same sentence that it previously pronounced, i.e., a term of imprisonment of 20 years to 20 years plus 1 day, to run consecutive to the sentence for manslaughter.

Jones appealed, and we granted the State's petition to bypass review by the Nebraska Court of Appeals.[1]

---

[1] See Neb. Rev. Stat. § 24-1106(2) (Cum. Supp. 2024).

## ASSIGNMENTS OF ERROR

Jones assigns three errors related to sentencing. She alleges that the district court (1) erred in modifying a valid sentence, (2) erred in applying the doctrine of inadvertent mispronouncement, and (3) abused its discretion by imposing excessive prison sentences.

## STANDARD OF REVIEW

[1] This appeal presents a question of law. An appellate court reviews questions of law independently of the lower court's conclusion.[2]

[2] Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits.[3]

## ANALYSIS

Before delving into Jones' assignments of error, we provide context to understand her arguments. First, we set forth statutory provisions concerning the minimum and maximum terms for the felonies to which Jones pled no contest. Next, we review case law touching on a court's ability to change a sentence it has pronounced. Then, we discuss our recent decision in *State v. Davis*.[4]

### Sentences for Class II and Class IIA Felonies

We begin with the statutory requirements for a Class II felony and a Class IIA felony. Two sentencing statutes are important.

The first sentencing statute, Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2024), sets forth penalties for the 10 classes of felonies. A Class II felony is punishable by a minimum term of 1 year's imprisonment and a maximum term of 50 years'

---

[2] *State v. Geller, ante* p. 441, 16 N.W.3d 365 (2025).

[3] *Id.*

[4] *State v. Davis*, 317 Neb. 59, 8 N.W.3d 247 (2024).

imprisonment.[5] For a Class IIA felony, there is no minimum term, and the maximum term is 20 years' imprisonment.[6]

The second statute, Neb. Rev. Stat. § 29-2204(1) (Cum. Supp. 2024), provides additional requirements for the minimum and maximum terms of a sentence for certain classes of felonies, including Class II and Class IIA felonies. It provides, in relevant part:

The maximum term shall not be greater than the maximum limit provided by law, and:

(a) The minimum term fixed by the court shall be any term of years less than the maximum term imposed by the court; or

(b) The minimum term shall be the minimum limit provided by law.[7]

With these statutes in mind, we examine the sentences originally pronounced by the district court. For the Class II felony of possession of a deadly weapon (firearm) during the commission of a felony, the court pronounced a sentence of 20 to 20 years' imprisonment plus 1 day. The sentence is within the statutory range of § 28-105 and complies with § 29-2204(1)(a). It is a valid sentence.

For the Class IIA felony of manslaughter, the court orally pronounced a sentence of 20 to 20 years' imprisonment. It is within the statutory range of § 28-105(1), but it does not comply with § 29-2204(1) because the minimum term was not less than the maximum term, nor was it the minimum provided by law, i.e., no imprisonment. Thus, the sentence contains an invalid minimum term.

The district court realized that the latter sentence was invalid. After Jones had left the courtroom, but before a written sentencing order had been entered on the court's records, the court recalled counsel and Jones to alter the sentence it

---

[5] See § 28-105(1).

[6] See *id.*

[7] § 29-2204(1).

had imposed for manslaughter. We turn to our case law on a court's ability to modify a sentence.

## Case Law on Modifying
### Pronounced Sentence

Several factors play into whether a sentencing court may modify a sentence it has pronounced. Those factors include whether the court imposed a valid sentence, whether the court inadvertently mispronounced the sentence, and whether the court imposed an invalid sentence.

[3,4] A sentence validly imposed takes effect from the time it is pronounced.[8] When a valid sentence has been put into execution, the trial court cannot modify, amend, or revise it in any way, either during or after the term or session of court at which the sentence was imposed.[9] Any attempt to modify it is of no effect, and the original sentence remains in force.[10]

[5] There are limited circumstances when a sentencing judge may correct a mispronounced sentence, even if that sentence was otherwise valid. The circumstances under which a judge may correct an inadvertent mispronouncement of a sentence are limited to those instances in which it is clear that the defendant has not left the courtroom; it is obvious that the judge, in correcting his or her language, did not change in any manner the sentence originally intended; and no written notation of the inadvertently mispronounced sentence was made in the records of the court.[11]

[6] When a sentencing court pronounces an invalid or erroneous sentence, it can correct the error while it still has jurisdiction.[12] Long ago, we stated that "[t]he general rule is that if the original sentence is invalid, it is of no effect and the

---

[8] *State v. Geller, supra* note 2.

[9] *Id.*

[10] See *State v. Lessley*, 301 Neb. 734, 919 N.W.2d 884 (2018).

[11] *State v. Geller, supra* note 2.

[12] See *State v. Shelby*, 194 Neb. 445, 232 N.W.2d 23 (1975). See, also, *State v. Beverlin*, 244 Neb. 615, 508 N.W.2d 271 (1993).

court may then impose any sentence which could have been validly imposed in the first place."[13] In *State v. Lessley*,[14] the court imposed an invalid sentence of 20 to 20 years' imprisonment for a Class II felony. After a discussion with counsel, the court added 1 day's imprisonment to the maximum term. On direct appeal, we determined that because the sentence of 20 to 20 years' imprisonment was invalid, it was subject to modification. We thus affirmed the modified sentence of 20 to 20 years' imprisonment plus 1 day.

[7] Similarly, when a sentencing error is noted on direct appeal, an appellate court can modify the sentence.[15] Alternatively, an appellate court can vacate an invalid or erroneous sentence and remand a cause to the sentencing court for imposition of a lawful sentence.[16]

[8] But where the sentencing court had jurisdiction over the defendant and subject matter jurisdiction over the crime for which the defendant was sentenced, the sentencing court cannot modify a sentence after a direct appeal has concluded.[17] When a judgment is attacked in a way other than by proceeding in the original action to have it vacated, reversed, or modified, or by a proceeding in equity to prevent its enforcement, the attack is a collateral attack.[18] Absent an explicit statutory or common-law procedure permitting otherwise, only a void

---

[13] *State v. Blankenship*, 195 Neb. 329, 331, 237 N.W.2d 868, 869 (1976).

[14] *State v. Lessley, supra* note 10.

[15] See, e.g., *State v. Rivera-Meister, ante* p. 164, 14 N.W.3d 1 (2024); *State v. Gleaton*, 316 Neb. 114, 3 N.W.3d 334 (2024); *State v. Mabior*, 314 Neb. 932, 994 N.W.2d 65 (2023), *cert. denied* ___ U.S. ___, 144 S. Ct. 1073, 218 L. Ed. 2d 249 (2024); *State v. Samayoa*, 292 Neb. 334, 873 N.W.2d 449 (2015); *State v. Williams*, 282 Neb. 182, 802 N.W.2d 421 (2011).

[16] See, e.g., *State v. Guzman*, 305 Neb. 376, 940 N.W.2d 552 (2020); *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016); *State v. Conover*, 270 Neb. 446, 703 N.W.2d 898 (2005); *State v. Mentzer*, 233 Neb. 843, 448 N.W.2d 409 (1989).

[17] See *State v. McAleese*, 311 Neb. 243, 971 N.W.2d 328 (2022).

[18] *State v. Barnes*, 303 Neb. 167, 927 N.W.2d 64 (2019).

judgment may be collaterally attacked.[19] A sentence outside of the period authorized for a valid crime is erroneous only; it is not a void sentence.[20] Thus, we have stated that "there is no recognized criminal procedure which authorizes a sentencing court to reopen a criminal case after the judgment has become final in order to vacate and correct an alleged sentencing error."[21]

### State v. Davis

Because Jones relies on *State v. Davis*,[22] we will discuss that case in some detail now. There, the sentencing court pronounced and memorialized a sentence of 20 to 20 years' imprisonment for a Class II felony, which sentence, as discussed above, does not comply with § 29-2204(1). The invalidity was not raised to or recognized by the sentencing court or the Court of Appeals on direct appeal. The defendant subsequently moved for postconviction relief, asserting that the sentence was void. The postconviction court agreed, and the State did not appeal that determination. The postconviction court subsequently imposed a new sentence of 19 years 11 months to 20 years' imprisonment.

Upon the prisoner's appeal and the State's cross-appeal, we began our analysis by considering the postconviction court's authority to resentence the prisoner. We stated that we were addressing a collateral attack rather than a direct appeal and that postconviction relief permitted a collateral attack upon a criminal judgment. We then looked to cases where the sentencing court failed to affirmatively state a minimum term.[23] In those cases, we determined that by operation of law, the minimum sentence was the minimum imposed by law. We

---

[19] *Id.*

[20] *Id.*

[21] *State v. McAleese, supra* note 17, 311 Neb. at 248, 971 N.W.2d at 332.

[22] *State v. Davis, supra* note 4.

[23] *State v. Gass*, 269 Neb. 834, 697 N.W.2d 245 (2005); *State v. Schnabel*, 260 Neb. 618, 618 N.W.2d 699 (2000).

stated that similar to those cases, where a court fails to set the minimum term at less than the maximum term under § 29-2204(1)(a), the sentencing court has failed to pronounce a valid minimum term. We reasoned:

> [I]n both situations, by operation of law, the minimum sentence should default to the minimum provided by law.
>
> We hold that when a sentencing court imposes an indeterminate sentence but that sentence fails to pronounce a valid minimum term under § 29-2204(1)(a), the minimum term shall be the minimum imposed by law pursuant to § 29-2204(1)(b). This could happen where the pronounced minimum term is equal to or greater than the maximum term, or where the pronounced minimum term is less than the statutory minimum under § 28-105.[24]

In *Davis*, we decided that the law supplied a valid minimum term of 1 year's imprisonment, which meant that the initial sentence was not void and could not be modified. We concluded that discussion by stating that matters relating to sentences imposed within statutory limits were not a basis for postconviction relief, that the postconviction court plainly erred by sustaining the motion for postconviction relief, and that the court lacked authority to resentence the prisoner.

*Davis* presented a sentencing challenge in a peculiar procedural posture. Issues that could have and should have been raised sooner were not. As the case law discussed above demonstrates, the sentence's noncompliance with § 29-2204(1) easily could have been fixed by the sentencing court prior to the filing of the direct appeal or by the Court of Appeals on appeal if it had been assigned as error or noted by the State as plain error. But it was not, and the sentence could not be modified after the direct appeal concluded.[25]

The postconviction proceedings compounded the error. Although we have long held that a sentence outside the period

---

[24] *State v. Davis, supra* note 4, 317 Neb. at 66, 8 N.W.3d at 252.

[25] See *State v. McAleese, supra* note 17.

authorized by statute is erroneous—but not void[26]—the post-conviction court in *Davis* determined that the sentence was void. This determination could have been appealed by the State[27] but was not. An appeal was taken from resentencing. This presented an issue as to whether the appeal from the new sentence was a postconviction appeal or another direct appeal.

[9] "Just as 'bad facts make bad law,' so too odd facts make odd law."[28] Amidst the morass presented by *Davis*, we attempted to carve out an answer to fit this procedural outlier. Our decision did not, and did not purport to, overrule our jurisprudence discussed above concerning the ability to modify an invalid sentence before it becomes final. Our holding was intended to be limited to the unique circumstances of *Davis*; regrettably, we failed to explicitly state so, and neither party requested a rehearing. We take this opportunity to expressly limit the reach of *Davis* to what should be a rare confluence of events: (1) the pronouncement and written confirmation of an invalid minimum term under § 29-2204(1) is not raised to the sentencing court or to an appellate court, or otherwise addressed before the sentence becomes final; (2) a postconviction court erroneously finds the sentence to be void; (3) no appeal is taken from that erroneous finding; and (4) the postconviction court then purports to impose a new sentence.

Suffice it to say, *Davis* has no application to the situation before us. Here, we are presented with a challenge to a

---

[26] See, e.g., *State v. Barnes, supra* note 18; *Meyer v. Frakes*, 294 Neb. 668, 884 N.W.2d 131 (2016); *State v. Woodruff*, 205 Neb. 638, 288 N.W.2d 754 (1980); *Hickman v. Fenton*, 120 Neb. 66, 231 N.W. 510 (1930); *McElhaney v. Fenton*, 115 Neb. 299, 212 N.W. 612 (1927); *In re Fanton*, 55 Neb. 703, 76 N.W. 447 (1898).

[27] See *State v. Thieszen*, 295 Neb. 293, 887 N.W.2d 871 (2016) (postconviction court's vacating sentence was final order).

[28] *Doggett v. United States*, 505 U.S. 647, 659, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992) (Thomas, J., dissenting; Rehnquist, C.J., and Scalia, J., join).

sentence that was rendered by the original sentencing court and brought before the sentence became a final judgment by the entry of a final mandate of an appellate court.[29] We turn now to Jones' assertions of error.

## MODIFICATION OF SENTENCE

Jones' first two assignments of error allege that the court erred in modifying the sentence for manslaughter. To start, we reject Jones' contention that *Davis* "is directly on point with the issue here."[30] As discussed above, *Davis* has no application under the circumstances presented by Jones' appeal. Nor does *State v. Schnabel*[31] assist Jones. Unlike that case, the court here did affirmatively state a minimum sentence. The problem is that the minimum term initially set by the court was invalid. And because the court did not initially pronounce a valid sentence,[32] we agree with Jones that the doctrine of inadvertent mispronouncement does not apply.

As our case law demonstrates, an invalid sentence may be modified by a sentencing court prior to the filing of an appeal. That is what happened here. Before the invalid sentence had been rendered or entered on the court's records, the court recalled counsel and Jones and imposed a sentence containing a valid minimum term. The modified sentence of a term of imprisonment of 19 years 364 days to 20 years for a Class IIA felony is within the statutory range set forth in § 28-105 and complies with § 29-2204(1). That takes us to Jones' argument that the sentences of imprisonment were excessive.

## EXCESSIVENESS OF SENTENCES

[10,11] Jones challenges the severity of the sentences imposed, characterizing them as "draconic and unjust."[33] When

---

[29] See *State v. Ali*, 312 Neb. 975, 981 N.W.2d 821 (2022).

[30] Brief for appellant at 20.

[31] *State v. Schnabel, supra* note 23.

[32] See *State v. Geller, supra* note 2.

[33] Brief for appellant at 35.

sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles.[34] A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.[35]

[12,13] When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime.[36] However, the sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[37]

Jones urges a sentence of probation. But the sentencing court stated that it considered the factors identified above, along with the grounds set out in Neb. Rev. Stat. § 29-2260 (Reissue 2016), for imposing or withholding a sentence of imprisonment. After doing so, the court specifically found that a sentence of probation would not be appropriate because it would depreciate the seriousness of the offense and would promote disrespect for the law.

Jones contends that the court must not have found any mitigating circumstances because it imposed nearly the maximum

---

[34] *State v. Vaughn*, 314 Neb. 167, 989 N.W.2d 378 (2023), *cert. denied* ___ U.S. ___, 144 S. Ct. 241, 217 L. Ed. 2d 109.

[35] *Id*.

[36] *Id*.

[37] *Id*.

possible sentence for manslaughter, as well as a lengthy sentence for the possession of a deadly weapon conviction. In reviewing the sentences imposed, we recognize that Jones, who was 25 years old at the time of the preparation of the presentence report, had a minimal prior criminal record consisting only of a speeding infraction and a shoplifting charge, for which she received juvenile diversion. She graduated from high school and had been steadily employed. Further, the probation officer stated in the presentence report that Jones will have already served 450 days in jail by the time of sentencing, that Jones' trauma could be addressed through probation, and that a significant amount of incarceration would not be warranted.

We are also mindful that Jones faced much greater criminal exposure prior to entering a plea agreement. The State originally charged Jones with second degree murder, punishable by 20 years' to life imprisonment, and use of a deadly weapon (firearm) to commit a felony, punishable by a mandatory minimum sentence of 5 years' imprisonment and a maximum sentence of 50 years' imprisonment. In deciding the appropriate sentence, a sentencing court can account for the fact that the defendant received a substantial benefit from a plea bargain agreement.[38] Similarly, in considering an excessive sentence argument, an appellate court can take into account benefits a defendant received as part of the plea bargain.[39]

Further, we have viewed the surveillance video footage that captured the assault on Jones, as well as Jones' subsequent shooting of the guard. A few things stand out. For one, the assault on Jones was violent. But the altercation was broken

---

[38] *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021). See, also, *State v. Hurd*, 307 Neb. 393, 949 N.W.2d 339 (2020); *State v. Bridgmon*, 196 Neb. 714, 246 N.W.2d 57 (1976).

[39] See, *State v. Ellen*, 243 Neb. 522, 500 N.W.2d 818 (1993); *State v. Gibbs*, 238 Neb. 268, 470 N.W.2d 558 (1991); *State v. Swift*, 194 Neb. 515, 233 N.W.2d 572 (1975); *State v. Leek*, 192 Neb. 640, 223 N.W.2d 489 (1974); *State v. Weidenfeller*, 189 Neb. 505, 203 N.W.2d 784 (1973).

up, and Jones' assailant was walking away as Jones yelled at her and tried to get by the guard. Jones then shot the guard. She did not act surprised or remorseful. The video displays an appalling lack of compassion by Jones toward the guard. She did not render aid to him. Instead, she walked past him as he lay dying on the ground. She walked off a short distance, then turned around and walked past him again. This was a senseless crime that resulted in the loss of a person's life. We see no abuse of discretion by the sentencing court in its imposition of sentences of imprisonment.

## CONCLUSION

As explained above, we conclude the following:
• The decision in *Davis*[40] is expressly limited to a situation where (1) the pronouncement and written confirmation of an invalid minimum term under § 29-2204(1) is not raised to the sentencing court or to an appellate court, or otherwise addressed before the sentence becomes final; (2) a postconviction court erroneously finds the sentence to be void; (3) no appeal is taken from that erroneous finding; and (4) the postconviction court then purports to impose a new sentence.
• Because the sentencing court initially imposed a sentence with an invalid minimum term, it had the power to modify the sentence before entering its written judgment.
• The sentences of imprisonment were not clearly untenable.

We affirm the judgment of the district court.

Affirmed.

---

[40] *State v. Davis, supra* note 4.

Papik, J., concurring.

I agree with the majority opinion's conclusion that, under the circumstances, the district court could modify the sentence it initially pronounced for Keloni Jones' manslaughter conviction. As the majority opinion explains, the initially pronounced sentence for that conviction was invalid under Neb. Rev. Stat. § 29-2204(1) (Cum. Supp. 2024) because the

minimum term was not less than the maximum term, nor was it the minimum term provided by law. And, as the majority opinion also explains, our cases have held that a trial court can modify an invalid sentence while it retains jurisdiction. See, e.g., *State v. Shelby*, 194 Neb. 445, 232 N.W.2d 23 (1975).

I am less certain about the majority opinion's limiting the holding of *State v. Davis*, 317 Neb. 59, 8 N.W.3d 247 (2024), to its facts. I agree that *Davis* placed us in a highly unusual procedural situation that bears little resemblance to this case. Even so, it seems to me that the decision we reach today is at least in tension with our conclusion in *Davis* that the sentence of the defendant in that case defaulted to the statutory minimum by operation of law. Should we in some future case somehow find ourselves on the same ground in which we found ourselves in *Davis*, I would be open to reconsidering whether that decision was correct.

Freudenberg, J., joins in this concurrence.