IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. MORALES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

PEDRO P. MORALES, APPELLANT.

Filed February 24, 2026.    No. A-25-782.

Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge. Affirmed in part, and in part vacated and remanded with directions.

Michael W. Meister, Scotts Bluff County Public Defender, and Brent A. Hansen for appellant.

Michael T. Hilgers, Attorney General, and Melissa R. Vincent for appellee.

RIEDMANN, Chief Judge, and PIRTLE and FREEMAN, Judges.

RIEDMANN, Chief Judge.

## INTRODUCTION

Pedro P. Morales appeals the sentences imposed by the district court for Scotts Bluff County. We affirm the sentences imposed for two of Morales' convictions but find that the district court committed plain error in sentencing Morales on a third conviction. We vacate that sentence and remand the cause with directions.

## BACKGROUND

Morales was originally charged with nine counts, all stemming from an incident that occurred in February 2025. Pursuant to a plea agreement, he agreed to plead to three charges: operating a motor vehicle to avoid arrest (felony), possession of a controlled substance

- 1 -

(methamphetamine), and possession of a controlled substance (cocaine), all of which are Class IV felonies. In exchange, the State agreed to dismiss the remaining charges. Morales pled no contest.

The factual basis established that law enforcement received reports that Morales had stolen a vehicle. Officers pursued the vehicle, which reached speeds 20 miles per hour above the posted speed limit for the area. Morales was unable to negotiate a turn, crashed the vehicle, and fled on foot. Officers were able to catch up with Morales but had to tase him because he would not comply with commands. A bag found during a search of the vehicle contained methamphetamine and cocaine. The district court accepted Morales' pleas, found him guilty of the charges, and ordered a presentence investigation report.

For his conviction of operating a motor vehicle to avoid arrest (felony), Morales received a sentence of 18 months' imprisonment and 12 months' post-release supervision. For his conviction of possession of a controlled substance (methamphetamine), Morales received a sentence of 18 months' imprisonment and 12 months' post-release supervision. For his conviction of possession of a controlled substance (cocaine), Morales received a sentence of 18 months' imprisonment and 12 months' post-release supervision. The sentences were ordered to be served concurrently. Morales was given credit for 72 days of time served against each individual sentence. The written sentencing order differs from the oral pronouncement of sentence in that it does not include any term of post-release supervision for Morales' conviction of operating a motor vehicle to avoid arrest.

## ASSIGNMENT OF ERROR

Morales assigns, restated, that the sentences imposed were excessive and an abuse of discretion.

## STANDARD OF REVIEW

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Jones*, 318 Neb. 840, 19 N.W.3d 499 (2025).

## ANALYSIS

*Plain Error.*

Before addressing Morales' assigned error, we first address the State's argument that the district court committed plain error in sentencing Morales for his conviction of operating a motor vehicle to avoid arrest. We agree that there was plain error in sentencing on that conviction. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Perry*, 318 Neb. 613, 17 N.W.3d 504 (2025). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id*. An appellate court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced. *Id*.

Morales was convicted of a violation of Neb. Rev. Stat. § 28-905(3)(a) (Reissue 2016). When convicted under that portion of the statute, as part of sentencing, the "court shall . . . order that the operator's license of such person be revoked or impounded for a period of two years and order the person not to drive any motor vehicle for any purpose in the State of Nebraska for a like

period." § 28-905(3)(b). This applies to Morales' conviction for operating a motor vehicle to avoid arrest. The district court was required to revoke or impound Morales' operator's license as part of his sentence, but it failed to do so. See *Perry, supra* (language of § 28-905(3)(b) mandatory, not discretionary). As such, we vacate Morales' sentence for his conviction of operating a motor vehicle to avoid arrest and remand the cause for resentencing on this conviction.

*Excessive Sentences.*

We address Morales' assigned error as it relates to the two remaining sentences imposed for his convictions. Morales assigns that the district court imposed sentences that were excessive and an abuse of discretion. We disagree.

Morales was convicted of two Class IV felonies. A Class IV felony is punishable by a maximum sentence of 2 years' imprisonment, 12 months' post-release supervision, or a $10,000 fine, or both, with no minimum sentence required. Neb. Rev. Stat. § 28-105 (Supp. 2025). As relevant here, because Morales was convicted of a Class IV felony, the district court was required to impose a sentence of probation unless there were substantial and compelling reasons why he could not effectively and safely be supervised in the community. See Neb. Rev. Stat. § 29-2204.02 (Reissue 2016). The district court found those substantial and compelling reasons existed. For each conviction of a Class IV felony, Morales received a sentence of 18 months' imprisonment and 12 months' post-release supervision. This is within statutory limits, and we review for an abuse of discretion. An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Geller*, 318 Neb. 441, 16 N.W.3d 365 (2025).

When imposing sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Jones*, 318 Neb. 840, 19 N.W.3d 499 (2025). However, the sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

At the time of sentencing, Morales was 27 years old and had earned his GED. He was found to be a very high risk to reoffend. Morales' prior convictions include possession of a firearm by a prohibited person, possession of a controlled substance, and operating a motor vehicle to avoid arrest. When sentencing Morales, the district court stated it had considered the relevant statutory factors. It noted that the high-speed chase endangered Morales, law enforcement, and the public. The district court thought it was evident that Morales had problems with people in positions of authority, and that probation was appropriate for people who would listen and take guidance. Morales' sentences are within statutory limits. The district court considered the appropriate sentencing factors when fashioning the sentences. Morales has not shown an abuse of discretion, and this assigned error fails.

*Credit for Time Served.*

We note further error in the award of credit for time served. When imposing sentence, the district court gave Morales credit for time served against each individual sentence. This is contrary to the Nebraska Supreme Court's instructions in *State v. Nelson*, 318 Neb. 484, 16 N.W.3d 883 (2025). In *Nelson*, the Supreme Court held that when a court imposes multiple sentences contemporaneously, whether such sentences are ordered to be served consecutively or concurrently, all available credit for time served under Neb. Rev. Stat. § 83-1,106(1) (Reissue 2024) is applied just once, to the aggregate of all terms imposed.

Here, the manner in which the district court applied Morales' credit did not comport with *Nelson, supra*. Although, in *Nelson*, the court modified the award of credit on appeal, because we have vacated the sentence for the conviction of operating a motor vehicle to avoid arrest and are remanding the cause for resentencing on that conviction, we add further instructions on remand. We instruct the district court, after it has resentenced Morales, to modify the sentencing order to state that "Morales is entitled to 72 days of credit for time served against the aggregate of all terms imposed."

*Written Sentencing Order*.

The State argues, and we agree, that the district court's oral pronouncement of sentence for Morales' conviction of operating a motor vehicle to avoid arrest differed from its written sentencing order. The written order failed to include a term of 12 months' post-release supervision for this conviction, which was included in the oral pronouncement of sentence. However, because we have vacated this sentence and remanded the cause for resentencing on this conviction, we need not address this error.

## CONCLUSION

We find plain error in the sentence imposed for Morales' conviction of operating a motor vehicle to avoid arrest. We vacate Morales' sentence for that conviction and remand the cause for resentencing. We find the remaining sentences imposed were neither excessive nor an abuse of discretion. Upon resentencing, we instruct the district court to modify its sentencing order to state that "Morales is entitled to 72 days of credit for time served against the aggregate of all terms imposed."

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED WITH DIRECTIONS.