IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. HESTER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BRADLEY P. HESTER, APPELLANT.

Filed March 17, 2026.    No. A-25-672.

Appeal from the District Court for Lancaster County: DARLA S. IDEUS, Judge. Affirmed.

Kristi J. Egger, Lancaster County Public Defender, and Matthew F. Meyerle for appellant.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

RIEDMANN, Chief Judge, and PIRTLE and FREEMAN, Judges.

RIEDMANN, Chief Judge.

INTRODUCTION

Bradley P. Hester appeals his sentence from the district court for Lancaster County. Finding no abuse of discretion, we affirm the judgment of the district court.

BACKGROUND

Hester was originally charged with attempted second degree assault on an officer, a Class IIA felony, and resisting arrest using a deadly weapon, a Class IIIA felony. Pursuant to a plea agreement, Hester pled no contest to the charge of resisting arrest using a deadly weapon and the State dismissed the remaining charge.

The factual basis established that on May 1, 2024, a law enforcement officer was dispatched to assist in locating Hester. The officer determined Hester had an active warrant, and when Hester saw the officer, Hester began to walk away. The officer gave Hester verbal commands to stop, Hester failed to comply, and the officer grabbed Hester's arm to place him under arrest.

- 1 -

Hester resisted by tensing his arms and pulling away. Hester produced a pocketknife with a blade of 2 to 3 inches, and he swung in the officer's direction. The officer and Hester fell to the ground, and Hester lunged at the officer with the knife. Eventually, the officer deployed his Taser and was able to take Hester into custody. When officers questioned Hester, he could not recall how the altercation occurred but stated he did not intend to harm the officer and was using the pocketknife to protect himself.

The district court accepted Hester's plea and ordered a presentence investigation report (PSI). The district court informed Hester that it was difficult to reschedule a PSI appointment and that the district court would not continue sentencing because of a missed appointment. At the sentencing hearing, Hester moved to continue the matter. In support of the motion, trial counsel stated that Hester had mailed in his completed PSI paperwork, but it had not been received. The State argued that Hester declined to proceed with the original interview, and that the probation officer had waited for Hester to call on another date but he never did. The district court denied the motion to continue.

For his conviction of resisting arrest using a deadly weapon, a Class IIIA felony, Hester received a sentence of 18 months' incarceration followed by 18 months' post-release supervision. He was granted 20 days' credit for time served.

## ASSIGNMENTS OF ERROR

Hester assigns that (1) the district court abused its discretion when it denied his motion to continue sentencing and (2) that the sentence imposed by the district court was excessive and constituted an abuse of discretion.

## STANDARD OF REVIEW

A decision whether to grant a continuance in a criminal case is within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Rezac*, 318 Neb. 352, 15 N.W.3d 705 (2025). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id*.

Absent an abuse of discretion by the trial court, an appellate court will not disturb a sentence imposed within the statutory limits. *State v. Jones*, 318 Neb. 840, 19 N.W.3d 499 (2025).

## ANALYSIS

*Motion to Continue.*

Hester assigns that the district court abused its discretion when it denied his motion to continue sentencing. We disagree. A court does not abuse its discretion in denying a continuance unless it clearly appears that the party seeking the continuance suffered prejudice because of that denial. See *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017). Where the criminal defendant's motion for continuance is based upon the occurrence or nonoccurrence of events within the defendant's own control, denial of such motion is no abuse of discretion. See *id*.

Here, the PSI was completed without interviewing Hester. Hester had been given paperwork and was asked to mail it in prior to his interview, which he claimed he did. However, on the day of his scheduled interview, the paperwork had not been received. Hester was given the

option to complete the interview, which would involve answering questions he had already answered in the paperwork, or rescheduling it. He chose to reschedule the interview. On the date of the rescheduled interview, Hester did not call at his scheduled time, nor did he contact probation in the approximately 3 weeks between the missed interview and the submission of the PSI. His paperwork was never received. Hester argues that he disputed the circumstances of the missed appointment as described in the PSI.

Although at the sentencing hearing, Hester argued that probation indicated there may have been discrepancies regarding the missed interview appointment, he provided no details about these discrepancies, other than to say they existed. Even if we were to consider the paperwork not being received despite Hester mailing it to be outside of Hester's control, keeping his rescheduled appointment and/or contacting probation when his rescheduled appointment was missed were matters within his control.

Hester argues he was prejudiced by the district court's lack of complete information regarding his history, character, and condition, including his mental health, family, substance abuse and treatment, and employment. Both Hester and trial counsel addressed the district court at sentencing and discussed Hester's mental health issues and the steps he was taking to address them. The information Hester claims the district court did not have available when it sentenced him could have been presented to the court when both Hester and counsel spoke during the sentencing hearing. Hester has not shown the continuance was necessitated by a matter outside of his control, nor has he shown that he was prejudiced by the denial of the motion to continue. The district court did not abuse its discretion in denying the motion.

*Excessive Sentence.*

Hester assigns that the sentence imposed by the district court was excessive and constituted an abuse of discretion. We disagree. Hester was convicted of a Class IIIA felony, which is punishable by a maximum sentence of 3 years' imprisonment and 18 months' post-release supervision, a $10,000 fine, or both, with no minimum sentence required. Neb. Rev. Stat. § 28-105 (Supp. 2025). For his conviction of a Class IIIA felony, Hester received a sentence of 18 months' imprisonment followed by 18 months' post-release supervision. This is within statutory limits, and we review for an abuse of discretion.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Jones*, 318 Neb. 840, 19 N.W.3d 499 (2025). However, the sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

At the time of sentencing, Hester was 58 years old and had his bachelor's degree. He had previous convictions for driving while intoxicated/open alcohol container, driving during revocation, and failure to appear. At sentencing, trial counsel explained that Hester had been struggling with mental health issues at the time of the offense. However, counsel noted that Hester had taken steps to address his mental health and was attending treatment and working with a

spiritual advisor. When addressing the district court, Hester stated he suffered from PTSD and bipolar disorder. He explained that at the time of the incident he did not understand what was going on and that he was trying to protect himself. He expressed remorse over the situation.

At sentencing, the district court stated it had considered the information in the PSI and the legally required factors when fashioning the sentence. It acknowledged that Hester was taking steps to address his issues but stated it could not ignore the seriousness of the offense. The district court noted that the officer approached, directed Hester to stop, and Hester walked away and pulled a weapon on the officer. The district court stated that having regard for the nature and circumstances of the crime, and Hester's history, character, and condition, it believed imprisonment was necessary.

The sentence imposed is within statutory limits. There is no indication the district court considered any inappropriate factors when fashioning the sentence. Hester has not shown an abuse of discretion.

## CONCLUSION

The district court did not abuse its discretion in denying Hester's motion to continue sentencing, and the sentence imposed was not an abuse of discretion. We affirm the judgment of the district court.

AFFIRMED.